UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-83 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| REGINALD ANTHONY LOWE, et al., | |
| Defendant(s). | |

Presently before the court is defendant Willie Montgomery's motion to reconsider. (ECF No. 151). The government filed a response (ECF No. 153). Defendant has not filed a reply, and the time to do so has passed.

**I.      Background**

From 2008 through 2013, defendant conspired in a mail fraud scheme. (ECF No. 74 at 4–8). Members of the scheme would misrepresent to victims, typically elderly individuals, that the victims had won various contests. (*Id.*) The coconspirators would then tell the victim that they could receive the prize for that contest only if the victim sent money to cover the "taxes" on the would-be prize. (*Id.*)

On October 25, 2016, defendant pled guilty to one count of a criminal indictment charging him with conspiracy to commit mail fraud in relation to that scheme. (*Id.*) On April 18, 2017, this court sentenced defendant to an 88-month prison sentence followed by a three-year term of supervised release. (ECF No. 114.) The Court also ordered restitution in the amount of $1,163,220.21, to be paid monthly at a rate of at least 10% of gross income while on supervision. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Defendant now moves this court for "reconsideration of [his] financial responsibilities," although he fails to specify the precise relief he seeks in his one-page, *pro se* motion. (ECF No. 151).

## II.  Legal Standard

Although Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, a "postjudgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.").

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59 "permits a district court to reconsider and amend a previous order." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). However "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.*  A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III.  Discussion

Because defendant's crime involved fraud or deceit, the court's restitution order was statutorily mandated under the Mandatory Victims Restitution Act of 1996. *See* 18 U.S.C. § 3663A. Under this statute, a mandatory restitution order may only be (1) corrected due to error, (2) modified on appeal, or (3) adjusted due to certain changed circumstances, like a material change in the defendant's financial situation. *See* 18 U.S.C. § 3664(o). Here, there is no error to correct, nor has defendant appealed his restitution order. Thus, the only method available to the

court to modify defendant's financial order is evidence of a material change in his economic circumstances. *Id.*

"While the statute does not define 'material change,' at least one court has defined it as a 'bona fide positive or negative change in the defendant's financial circumstances which affects his ability to pay restitution.'" *United States v. Kindell*, No. 2:01-CR-00449-KJD-RJJ, 2017 U.S. Dist. LEXIS 78291, at *4 (D. Nev. May 22, 2017) (quoting *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003)). "The relevant inquiry is whether there has been a material change in [the Defendant's] ability to pay after the Court ordered restitution." *United States v. Soroka*, 508 F. Supp. 2d 869, 871 (D. Or. August 30, 2007).

Defendant has provided no evidence of a material change in his economic circumstances. He mentions two financial obligations in his motion: (1) the instant restitution judgment and (2) back taxes purportedly owed to state and local governments in Ohio, where he currently resides. (ECF No. 151). Defendant includes no evidence of the amount of those back taxes and fails to indicate any reason why the court-ordered minimum of 10% of his monthly gross income is an unduly burdensome amount of restitution. While the court acknowledges the steps defendant has taken to better himself, including maintaining employment and seeking out education, those steps have no bearing on his financial circumstances as it pertains to his restitution payments. *See* (*id.*); *Cani*, 331 F.3d at 1215.

Defendant has failed to indicate a material change in his financial circumstances that persuades this court to modify its final order of restitution.

**IV.** **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for reconsideration (ECF No. 151) be, and the same hereby is, DENIED.

DATED August 22, 2022.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -